**UNITED STATES v. BEN GRUNSTEIN & SONS CO. et al.**

**Civ. A. No. 888–51.**

United States District Court
D. New Jersey.

Dec. 18, 1951.

Grover C. Richman, Jr., U. S. Atty., Roger M. Yancey, Newark, N. J., for plaintiff.

Kasen, Schnitzer & Kasen, Morris M. Schnitzer, Newark, N. J., for defendants Ben Grunstein & Sons Co., Benjamin Grunstein, Arthur Grunstein, James Albrizio, Albert Albrizio, Lawrence G. Foster, Milton Halperin and Werner Schott.

HARTSHORNE, District Judge.

Defendants move under Section 10(b) of the Federal Rules of Civil Procedure, 28 U.S.C., to compel plaintiff to state separately "each claim founded upon a separate transaction or occurrence", in its complaint filed under the False Claims Statute, 31

U.S.C.A. §§ 231–233. The underlying facts are that the corporate defendant, with the aid of the individual defendants, had been supplying the United States Army, under contract, with seven and a half million dollars' worth of meat. The Government claims that it furnished substandard meat and made false claims in doing so.

The important feature of the situation which the defendant corporation and the seven individual defendants allege requires such separate statement, in order to facilitate the "clear presentation of the matters set forth", is that instead of such claims being relatively few in number—the normal situation—literally hundreds of such false claims are alleged, 440 to be exact. For these alleged violations, plaintiff demands more than half a million dollars in penalties and damages. In addition, defendants claim their situations with regard to the subject matter of the complaint are substantially different, specifically, a corporation, on the one hand, its principal stockholders, on the other, and mere subordinate employees of such corporation, in the third place. Thus they assert it would be difficult to reach an issue, clear to either the Court or the jury, as to the separate responsibility of each of these different defendants for the literally hundreds of different claims involved, unless such claims or causes of action were separately stated. The difficulty which the jury will have in keeping each separate violation clearly in mind, as against each of these eight defendants, in these hundreds of separate transactions and occurrences, is but rendered the worse by the admitted fact that this host of violations falls into at least five differing categories of facts. That all this may have an important bearing on the ultimate content of the verdict is apparent, when we recall that, while the False Claims Statute calls for the imposition of a $2,000 penalty for each violation, it also calls for the imposition against a defendant of a verdict in double the amount of the actual damages sustained through each such violation. Thus, such verdict might well differ as to each of these eight defendants with regard to each of these

440 claims. In short, the result might, in fact, be 3,520 different verdicts—a staggering situation for any jury to face—even with the greatest possible aid from the Court by way of clarification.

To meet this, plaintiff claims that this entire situation of which it complains was all a part of a single conspiracy by defendants. It claims that the only reason two counts were used in the complaint, instead of one, was because the manifold transactions alluded to in the First Count arose as a result of contracts by the Army directly with the defendant company, whereas the transactions alleged in the Second Count arose because the contractor with the Army in that regard sublet its contract to the defendant company, which then purported to perform it. Plaintiff thus argues that since the conspiracy was a single one, though with this host of "overt acts" falling in its wake, there is no reason why the conspiracy should not be alleged in a single count, as in an indictment, regardless of the fact that the "overt acts" committed in pursuance of same, run up into the hundreds.

But, even if this analogy to criminal procedure were applicable, despite the requirement of the above civil rule that each separate transaction or occurrence should be separately stated "whenever a separation facilitates the clear presentation of the matters set forth", the clear answer to plaintiff's contention is that its complaint, in fact, does not make such conspiracy the gravamen of its complaint. Were the complaint to charge the general conspiracy as the sole violation of the statute, and to call for a penalty of $2,000 therefor, plus double the actual damages resulting from this single conspiratorial violation, that would be one thing.

But the complaint, in fact, does no such thing. It asks for the penalty of "$2,000 for each and every one of the foregoing false, fictitious or fraudulent claims * * the sum of $2,000 for each and every one of said foregoing false invoices, inspection reports, and each of the foregoing certificates of acceptance * * * the sum of $2,000 for each of the other acts done or committed by the defendants which

constitute a violation (of the statute), and in addition, double the amount of damages which the United States has sustained by reason of the doing or commitment of such acts". It is thus clear that the complaint charges, as a violation, not the single conspiracy, but the literally hundreds of allegedly false claims made in the performance of such alleged conspiracy, and these against each and all of the defendants, who, themselves, fall into at least three distinct categories. That each "separate transaction or occurrence" should, in this case, "be stated in a separate count" in order to facilitate "the clear presentation of the matters set forth" is thus obvious.

On the other hand, so multitudinous are the violations charged, that some compendious method of pleading same should be adopted, lest "confusion be worse confounded". Here it should be noted that the substandard meat, allegedly furnished by defendant at standard prices, falls into several categories, i. e., boneless beef, in the first place, veal sides and lamb carcasses, in the second place, and fabricated veal, in the third place. Further, the allegedly fraudulent acts with regard to the boneless beef, themselves fall into three different categories. A host of them are alleged to be based on excess fat content. Another series consisted of boxes which are alleged never to have been inspected or accepted by the Government, and so on.

Obviously, it would facilitate "the clear presentation of the matters set forth", if transactions involving fabricated veal were grouped together, each violation being separately stated. Similarly, the transactions in veal sides and lamb carcasses should be grouped, though separately stated, and the boneless beef violations also grouped, but separately stated. But as to these boneless beef transactions, which are by far the most numerous, the literally hundreds of violations there involved, separately stated, should be grouped separately, depending upon the character of the alleged violation, as above indicated.

However, since plaintiff alleges that each of the eight defendants participated, either personally or through his conspiratorial agent, in each of such violations, and is therefore responsible for each such violation, it would not seem to facilitate "the clear presentation of the matters set forth" to multiply by eight the literally hundreds of counts requisite for the clear presentation of such matters as above, simply in order to charge each defendant separately with each such violation. Furthermore, while it may create some additional difficulty for the jurors to consider separately not only the actual damages involved as to each of these hundreds of transactions, but then to double it, and thereafter to add thereto the statutory penalty, the defendant has no objection to the joinder of the demand for penalty, with such double damages, in each separate count, and this added difficulty is so slight, relatively, that plaintiff may join these separate demands in each count.

In short, to achieve both a compendious and a "clear presentation of the matter" in question, the first count of the complaint may well plead the general allegations underlying the entire transaction. To that may be added the allegations applying generally to the boneless beef contracts. To this may then be added the allegations dealing with the first boneless beef violation, i. e., that based on excess fat content, the count concluding with the demand, as against each and all of the defendants, of the fixed statutory penalty, plus double damages. The next count may then plead, by reference, the pertinent paragraphs of the first count, but allege that same refers to another numbered voucher, or other false claim, as it appears in the schedule annexed to the present complaint, and conclude with the demand for penalty and damages. Thus, each of the many counts following the first may be stated in but two or three simple sentences, grouped by categories according to their character, as above indicated.

As a result, the present complaint will be changed from its present potpourri of pleading to a relatively compendious, yet "clear presentation of the matters" on which plaintiff's claim is, in fact, based. This is good pleading. It is common sense. It is so ordered.